USCA1 Opinion

 

 March 22, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ Nos. 92-1801 92-2292 92-2449 WILFRED HART, JR., Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Wilfred Hart, Jr. on brief pro se. ________________ Jay P. McCloskey, United States Attorney, and Margaret D. _________________ ___________ McGaughey, Assistant United States Attorney, on brief for _________ appellee. __________________ __________________ Per Curiam. Petitioner-appellant Wilfred Hart, ___________ Jr., has filed three appeals arising out of a district court injunction barring Hart from further repetitive filings without leave of court. With the exception of a single matter, we affirm the rulings of the district court in all three appeals. Appeal no. 92-1801 __________________ In conjunction with the dismissal of a 2255 petition filed by Hart, the district court, noting Hart's "frivolous motions and duplicative pleadings which encroach on the Court's limited time and resources, . . . which can only be calculated to disrupt the orderly consideration of cases, . . . and which merely restate claims which have already made [sic] and which have been denied", entered a sua ___ sponte order on February 12, 1992, enjoining Hart from ______ further filings in connection with his 1988 drug conviction without prior leave of court. After Hart filed a motion on March 10, 1992, objecting that he had not been given notice and an opportunity to be heard before the injunction issued, the district court on that same date vacated its injunction "in order to permit [Hart] to make whatever showing he can." Hart was directed to file a memorandum of law on the issue within thirty days. Over three months later, on June 23, 1992 -- after Hart had filed nothing further pertaining to the injunction - -2- - the district court issued an order reinstating the injunction, "with slight modifications." The court's order concluded as follows: It is hereby ORDERED that _______ Wilfred Hart is enjoined from filing any motions, pleadings or papers of whatever type or description in the District of Maine, in connection with his 1988 conviction for controlled substance violations without prior leave of Court. Hart may seek leave of Court by filing a summary of the claims he seeks to raise (not to exceed one page per claim) together with an affidavit certifying that the claims are novel and have not previously been raised before this Court or any other federal court. Upon failure to so certify or failure to so certify truthfully, Hart may be found in contempt of court and punished accordingly. Hart filed a timely notice of appeal from this injunction (appeal no. 92-1801). We have stated that "[f]ederal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 ___ ____________________________ F.2d 32, 34 (1st Cir. 1993). Accordingly, "in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate." Castro ______ v. United States, 775 F.2d 399, 408 (1st Cir. 1985). We _____________ -3- review the issuance of such an injunction for abuse of discretion. Id. __ In its February 12, 1992 order, the district court set out a history of abusive, vexatious, and repetitive litigation which clearly established a need for injunctive measures. Hart has filed petitions for collateral relief from his criminal conviction in at least three different district courts. "In this collateral proceeding alone," the district court pointed out, "Hart has filed some twenty-seven separately docketed documents, most of which defy categorization." In our opinion affirming Hart's conviction, this court also noted that before conviction, Hart at various different times had "filed a flood of motions, many pro se," "filed fifteen pro se petitions for writs of habeas corpus or related civil causes of action, all of which were denied," filed "a torrent of new pro se motions," and "deluged the court with at least sixty-six different motions, most of them pro se." United States v. Hart, 933 F.2d 80, 81-82 (1st Cir. _____________ ____ 1991). Restrictions on filing "must be tailored to the specific circumstances presented." Cok, supra, 985 F.2d at ___ _____ 34. Thus, we have found too sweeping an injunction against commencing any actions in the district court without prior ___ approval, where the record did not show "such widespread abuse of the judicial system as to warrant such a broad . . . -4- prohibition." Id. at 36. In this case, the injunction is __ limited to filings relating to Hart's oft-litigated 1988 federal narcotics conviction. The injunction places no limits on any other sorts of filings. The record amply justifies this relatively narrow proscription. Hart alleges a violation of his due process rights by virtue of the fact that the injunction was not requested by the government, but was entered by the court sua sponte. __________ Sua sponte entry of such an injunction, however, is improper __________ only where the plaintiff is "not warned or otherwise given notice that filing restrictions were contemplated." Id. at __ 35. Here, by contrast, Hart was given ample notice of the issue and ample opportunity to respond before the court finalized the injunction on June 23, 1992. Hart contends that the district court improperly failed to consider his objections to the injunction, contained in a motion and accompanying memorandum Hart filed on March 10, 1992, and wrongly stated in its June 23, 1992 order that he not filed any objections. All that the district court stated in its June 23, 1992 order, however, was that Hart had failed to file the additional memorandum of law the district court had invited him to file in its March 10, 1992 order. In that March 10, 1992 order, the district court expressly referred to Hart's motion of that same date, and to Hart's argument in that motion and memorandum that he -5- had not been given notice and an opportunity to respond to the district court's February 12, 1992 order. Clearly the district court in fact did not ignore or overlook Hart's motion and memorandum. We can presume that the court did consider the arguments Hart advanced therein. Hart also claims that the terms of the injunction are impermissibly vague. For example, he sees ambiguity in the requirement that he raise challenges to his 1988 conviction that "have not previously been raised before this Court or any other federal court." According to Hart, this formulation leaves it unclear whether claims he raised which in fact were never adjudicated by the federal court are covered by the injunction. Although we leave the construction of the injunction to the district court in the first instance, we note that a dismissal of a motion or petition that does not expressly discuss issues raised in the motion or petition ordinarily would be assumed to dismiss all ___ issues that had been raised. We see no vagueness problem in the district court's injunction. Hart's many other suggestions of vagueness are all without merit. Hart further claims that the injunction is based on the district court's erroneous statement in its initial February 12, 1992 order that the court by separate order had "dealt with all pending motions in this matter." Hart objects that some motions in his original 2255 petition -6- remain undecided. Even assuming, arguendo, that Hart were ________ correct -- an issue we need not decide here -- such an error would not detract from the validity of the injunction at issue. Appeal no. 92-2292 __________________ After the issuance of the injunction, Hart submitted papers for filing in the district court on July 20, July 24, and September 8, 1992. All three submissions were summarily rejected for filing on the ground that Hart did not comply with the injunction. Hart filed a timely second notice of appeal from the third of these rejections. Hart challenges the district court's rejection of his proffered filings. Since Hart's submissions were returned to him without filing, they are not in the record on appeal. The government, however, states in its brief on appeal that with each submission Hart did not file the required accompanying affidavit certifying that the claims were novel, or the required one-page summary of each claim he sought to raise. In his filings on appeal, Hart does not appear to contest this. Consequently, we affirm these district court orders. Appeal no. 92-2449 __________________ On October 13, 1992, Hart filed another 2255 petition raising ten claims. The petition gave a one-page summary of each claim, and was accompanied by an affidavit -7- certifying that the claims were novel. On October 20, the district court clerk sent Hart a letter stating that the district judge had summarily rejected the petition for filing on the ground that it violated the injunction. On October 22, Hart filed an eleventh 2255 claim, alleging that Hart had not been competent to stand trial in 1988, when he was convicted. In a November 2 order, the district court stated that Hart had complied with the injunction's requirements of an affidavit and a one-page statement regarding this claim, but that the court was "not satisfied" that the claim was novel. "In any event," the court concluded, "if [Hart] failed to properly raise the issue of competence at an earlier proceeding, the issue must now be deemed waived and incapable of review by this Court." On November 16, Hart filed a motion for leave to file a motion requesting that the court explain why Hart's October 13 filing of ten claims had been rejected for violation of the injunction. In a December 3 order, the court denied leave to file, stating that Hart's October 13 filing of ten claims had been rejected because of Hart's "failure to state claims that were novel and not previously raised in federal court." Hart followed with his third notice of appeal. We affirm the district court's refusal to allow the filing of Hart's claim that he was not competent to stand -8- trial. Hart had raised this same issue at trial. In response, the trial court had ordered psychological evaluations to look into Hart's competence, but these evaluations "could not be completed because of Hart's intransigence," so "the issue of competency was mooted by the court". Hart, supra, 933 F.2d at 82. Thus, the district ____ _____ court was justified in rejecting the competence claim, either as frivolous or as not novel for purposes of the injunction. We also affirm the district court's refusal to allow the filing of nine of Hart's ten other claims. Three of these claims -- that the presentence report contained an incorrect date for Hart's arrest, that the district court erred in finding that Hart made a threat to intimidate witnesses, and that drug evidence was materially altered in the government's possession -- were raised by Hart at trial or at the sentencing hearing, and disposed of by the district court. A fourth claim -- that Hart was denied effective assistance of counsel at trial -- was pressed on Hart's direct appeal, and "dismissed in perpetuity" by this court. Id. at 83. The district court properly rejected these four __ claims for filing, under the terms of the district court injunction, on the ground that they were not novel. Another five of these ten claims arguably were raised for the first time, but could properly have been dismissed in any event as frivolous. Consequently, we affirm -9- the district court's rejection of these five claims on that basis. Helvering v. Gowran, 302 U.S. 238, 245 (1937) (court _________ ______ of appeals may affirm on any ground presented by the record). We shall briefly discuss each of these five claims in turn. (1) Hart challenges the district court's alleged reliance in sentencing on a finding that Hart had induced his own brother to participate in a drug conspiracy. The record reveals, however, that at the sentencing hearing the district court noted Hart's denial of such inducement, and made no further mention of the matter. The record thus shows that this was not a factor in sentencing. (2) Hart asserts that his rights were denied at trial because he was not present at a sidebar bench conference concerning legal objections to two cocaine exhibits. The trial transcript, however, shows that Hart did not object when the sidebar conference was held. During the conference, Hart's counsel objected to the district court's ruling as to the two exhibits, but on direct appeal neither Hart's counsel nor Hart -- who filed a pro se brief on appeal -- raised the matter. (3) At the sentencing hearing, the district court reviewed a photocopy of a letter stating that Hart had saved a man's life. Hart objects that the district court should have required the original. The transcript reveals that the district court reviewed the photocopy -- which Hart himself -10- had provided -- only after ascertaining that neither party objected. Hart does not claim that the photocopy differed from the original in any way. (4) Hart objects that in closing argument, the prosecutor stated that Hart had asserted that he had supplied merely incense, not cocaine. The trial transcript reveals that neither Hart nor Hart's counsel objected to this statement. Hart's counsel and the district court both summarized Hart's defense the same way. Indeed, so did this court on direct appeal. Id. at 82. __ (5) During its deliberations the jury sent a note to the court stating, "May we have any testimony on Count IX concerning William Christiansen?" The trial judge discussed the matter in chambers with counsel for both sides. The court and counsel identified the relevant testimony, agreed that the court reporter would read that testimony to the jury in open court, and agreed that the testimony would be read in the order it came in at trial. This was done. Hart now asserts that he was not present in open court when this testimony was read to the jury, and contends that his absence violated his right under Fed. R. Crim. P. 43(a) to be present "at every stage of the trial." The government does not discuss this claim in its briefs, and thus has not disputed Hart's assertion that he was not present in open court on this occasion. Even -11- assuming, arguendo, that he was not, and that his Rule 43 rights were violated, there was clearly no reasonable possibility that his exclusion influenced the jury in reaching its verdict. All that occurred in open court was that the court reporter read to the jury certain excerpts from the trial transcript. Hart's counsel already had agreed to these excerpts, and to the order in which they were read. There was nothing more that Hart himself plausibly could have done to protect his rights. Although Hart contended in his submission that the choice of excerpts was stacked against him, he has not identified any particular testimony that should have been included but was not. Nor did Hart raise this issue on direct appeal, when he filed his own pro se brief. We conclude that even if we were to apply the strict harmless error standard for constitutional deprivations, see ___ United States v. Maraj, 947 F.2d 520, 526 (1st Cir. 1991) _____________ _____ (noting that this circuit has left open the question of what harmless error standard applies in a similar situation), any error was harmless beyond a reasonable doubt. This brings us to the tenth and final claim in Hart's October 13, 1992 filing. In that claim, Hart asserted that the copy of his presentence report on file with the Bureau of Prisons does not contain a written record of the district court's factual resolution of a number of disputed matters arising out of the presentence report that Hart had -12- raised at the sentencing hearing. Hart appended copies of letters from officials of the Bureau of Prisons which appear to support his assertion. Hart argued that this state of affairs violated Fed. R. Crim. P. 32(c)(3)(D), which requires that after the sentencing court resolves factual disputes arising out of the presentence report, "[a] written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons." In its supplemental brief on appeal, the government does not appear to contest Hart's allegation that, in the government's words, "the Bureau of Prisons evidently does not have in separate written form the findings and determinations the district court made at sentencing." As a remedy for this technical violation, the government argues, "the most that would be required would be for the sentencing court . . . to reduce to writing the specific findings on the disputed facts that it made orally on the record at sentencing." We can only conclude, therefore, that this claim of a Fed. R. Crim. P. 32(c)(3)(D) violation has not been raised before and is not so patently insubstantial as to permit affirmance based on the present record. We accordingly reverse the district court's refusal to permit the filing of this single claim. In so ruling, of course, we express no view of the substantive or procedural validity of this claim. -13- We merely direct the district court to accept the claim for filing. We remand this claim to the district court with directions that the district court accept for filing this single portion of Hart's October 13, 1992 submission and process this claim in the normal course. Conclusion __________ We have considered all of Hart's other arguments in all three appeals, and we reject all of them as meritless. In particular, we affirm the district judge's failure to recuse himself on the ground that at no time has Hart stated even a colorable basis for recusal. Hart's request that the government's supplemental brief be struck is denied. ______ Hart's "Fed. R. App. P. 27(a) motion to modify" this court's December 8, 1993 supplemental briefing order is denied. ______ The district court's refusal to accept for filing Hart's October 13, 1992 claim of a Fed. R. Crim. P. 32(c)(3)(D) violation is reversed, and that single claim is ________ remanded to the district court for further proceedings ________ consistent with this opinion. The district court's rulings are in all other respects affirmed. ________ -14-